UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANTHONY DUNCAN,

        Plaintiff,

v.                                    Case No:   2:13-cv-509-Ftm-29DNF

DR. SAWYER, CAPTAIN ANDERSON,
FNU BELOFF, FNU OATES and
DEPARTMENT OF CHILDREN AND
FAMILIES,

        Defendants.

_____/

## ORDER OF DISMISSAL

On July 16, 2013, Plaintiff was ordered to pay a $400.00 filing fee or to file a motion to proceed *in forma pauperis* by August 6, 2013 (Doc. 6).  In response, Plaintiff filed an untimely motion for leave to proceed *in forma pauperis* on August 7, 2013 (Doc. 8) and another motion to proceed *in forma pauperis* on August 26, 2013 (Doc. 11).  On January 24, 2014, Plaintiff was ordered to file a statement reflecting the deposits and balances in his resident account for the six months prior to filing his suit (Doc. 16).  Plaintiff did not comply with the Order, instead, sending the incorrect account statement five days past the expiration of his time to do so (Doc. 17).

On February 19, 2014, Plaintiff was ordered to respond and show cause why the case should not be dismissed for his failure to provide the correct account statement and for the untimeliness of

his response (Doc. 18). In his untimely response to the Order to Show Cause, Plaintiff asserted that when he sent the statement to the Court, he realized at that time that it was incorrect, but he "sent it any way thinking it was better to send the wrong one instead of not complying with the court's order." (Doc. 19). Plaintiff did not explain why the response had been untimely in the first place or why he had not explained to the Court why he was providing the incorrect statement, but did apologize for any inconveniences he might have caused "as a result of the lateness of getting the court the requested bank statement." (Doc. 19). Plaintiff assured the Court that he "is sending in a communication form once again to obtain the requested bank statement, and will send it to the court as soon as plaintiff receives it." Id.

The Court waited two weeks before sending Plaintiff yet another order asking why it had not received the appropriate account statement (Doc. 20). In that order, it was explained to Plaintiff that without a certified date stamp indicating that the statement was sent to this Court on, or before March 26, 2014, no response would be deemed timely. Id. Plaintiff was also warned that no further extensions of time would be granted. Id. The instant motion was stamped as delivered to the FCCC staff on March 27, 2014 – past the expiration of the time for returning the account statement (Doc. 21-1).

In a motion filed on March 28, 2014, Plaintiff admitted that he did not request the proper bank statement from the FCCC until after the Court filed its March 17, 2014 order (Doc. 21). Despite his prior assurance to the Court that he would do so, Petitioner did not request the appropriate account statement upon his alleged realization in January that the FCCC had provided the incorrect statement.

On April 1, 2014, Plaintiff was advised that a district court has the inherent ability to dismiss a claim in light of its authority to enforce its orders and provide for the efficient disposition of litigation. See Link v. Wabash R.R., 370 U.S. 626, 630-31 (1962). Dismissal as a sanction is appropriate if there is a clear record of willful conduct and a finding that lesser sanctions are inadequate. Betty K Agencies, Ltd., 432 F.3d 1333, 1339 (11th Cir. 2005). The Court determined that Plaintiff had demonstrated a clear record of willful conduct by failing to adhere to filing deadlines and by making false statements to the Court (Doc. 22). Nevertheless, Plaintiff was given a final opportunity to either file a proper motion to proceed *in forma pauperis*, along with the appropriate account statement, or pay the $400.00 filing fee. Plaintiff was cautioned that his failure to comply by April 15, 2014 would result in the dismissal of this action, and he would be required to file a new action if he wished to proceed. As of

the date on this Order, Plaintiff has neither complied, nor requested an extension of time in which to do so.

Accordingly, it is **ORDERED**:

1. This case is **DISMISSED** without prejudice.[1] Should Plaintiff wish to continue with this action, he must file a completely new complaint and either pay the applicable filing fee or submit a complete application to proceed *in forma pauperis*.

2. The **Clerk of Court** is directed to close this case, terminate any pending motions, and enter judgment accordingly.

**DONE** and **ORDERED** in Fort Myers, Florida on this __22nd__ day of April, 2014.

_____
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

SA: OrlP-4 4/22/14
Copies to: Anthony Duncan

---

[1] A dismissal without prejudice does not excuse Plaintiff from any applicable statute of limitation.

4